# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

KIRK BROS. CO., INC.,

      Plaintiff,

v.                          Civil Action 2:18-cv-1568
                               Judge Algenon L. Marbley
BAKERCORP,                    Magistrate Judge Jolson

      Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Leave to File Amended Answer, Counterclaims, and Third Party Complaint (Doc. 11). For the reasons that follow, Defendant's Motion is **GRANTED in part and DENIED in part**.

## I. BACKGROUND

In 2016, Plaintiff contracted with Defendant "to provide the installation of piping and pumps for a public construction project in Marietta, Ohio." (Doc. 2, ¶4). Plaintiff served as the general contractor on that project (the "Project") and relied on Defendant's bid when it bid on the Project. (*Id.*, ¶¶ 4, 7). Work on the project did not go well, and the parties began to fight over the amount owed to Defendant for its work. (*Id.*, ¶¶ 8–49). Defendant asserted that it was owed over $300,000. (*Id.*, ¶ 38). Plaintiff disagreed, asserting that Defendant's poor performance caused it "considerable damage" and assessed back charges of more than $150,000 against Defendant. (*Id.*, ¶¶ 47–48)

Because Plaintiff refused to pay, Defendant made a claim on the payment bond provided by Ohio Farmers Insurance Co. ("Ohio Farmers"), "the bonding company that provided that

payment bond to [Plaintiff] for the Project as required by Ohio law." (*Id.*, ¶¶ 50–51). It too refused to pay Defendant. (*Id.*, ¶¶ 51–52).

Plaintiff filed the instant action seeking to recover the back charges it assessed against Defendant and requesting declaratory judgment on its quasi-contract claims. (Doc. 2). Defendant filed its Answer (Doc. 4) on December 12, 2018. The Court directed the parties to file any motions to amend the pleadings by March 1, 2019. (Doc. 10). Defendant filed the instant Motion on March 1, 2019. It requests leave to: (1) amend its Answer and Affirmative Defenses to assert its counterclaims against Plaintiff and (2) file a third-party complaint against Ohio Farmers. The Motion is now fully briefed and ripe for resolution, and the Court addresses each of these requests in turn.

## II. LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS

Trial courts enjoy broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). When a party seeks leave of court to amend a pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Finan. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). In interpreting this Rule, "[i]t should be emphasized that the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citation and internal quotation marks omitted).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640–41 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff maintains that the "specific counterclaim and third-party complaint Defendant seeks to add to its Answer were available to [it] when it filed its answer on December 12, 2018." (Doc. 12 at 3). According to it, "[t]here is no reason why Defendant could not have pled these claims in the original Answer, which would have been prior to the parties expending time and expense of mediation in this matter." *Id.* Therefore, Plaintiff argues, it "will be prejudiced by this proposed amendment, as the counterclaim and third-party complaint would require it to expend additional resources to conduct discovery and prepare for trial." *Id.* at 3–4.

"Delay by itself, 'does not justify denial of leave to amend.'" *Towne Auto Sales, LLC v. Tobsal Corp.*, No. 1:16-cv-2739, 2017 WL 1738405, at *3 (N.D. Ohio May 4, 2017) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). The Court does not find—nor does Plaintiff offer evidence to the contrary—that Defendant had dilatory motives in seeking leave to amend. Defendant filed its Motion consistent with the deadline in the Court's Scheduling Order and before significant time and resources have been expended on discovery.

Nor does the Court find persuasive Plaintiff's assertion that it will be prejudiced by Defendant's amendment of its Answer to include counterclaims against Plaintiff. "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 668 (6th Cir. 1994). Because Defendant's proposed counterclaims concern the same subject and the same legal issues as Plaintiff's Complaint, discovery will effectively be the same as the discovery required by

Plaintiff's Complaint alone. Further, granting leave to amend will not delay resolution of this case because the parties have not yet begun discovery in earnest and, as just noted, discovery regarding Defendant's proposed counterclaims will overlap with discovery concerning Plaintiff's original claims.

Defendant's Motion is therefore **GRANTED in part** to the extent it seeks to amend its Answer and bring proposed counterclaims.

## III.   LEAVE TO FILE THIRD-PARTY COMPLAINT

Federal Rule of Civil Procedure 14(a)(1) provides that "a defending party may, as third-party plaintiff, serve a summons and complaint on a non-party who is or may be liable to it for all or part of the claim against it." "[T]he third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1).

"The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008) (citation omitted). "Third-party pleading is appropriate only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim; one that merely arises out of the same set of facts does not allow a third-party defendant to be impleaded." *Id.* "A defendant attempting to transfer the liability asserted against him by the original plaintiff to the third-party defendant is therefore the essential criterion of a third-party claim." *Id.* "Correlatively, a defendant's claim against a third-party defendant cannot simply be an independent or related claim, but must be based upon the original plaintiff's claim against the defendant." *Id.*

4

Here, Defendant seeks to bring a third-party complaint against Ohio Farmers under Rule 14. (*See* Doc. 11 at 3). According to it:

> Ohio Farmers Insurance Company is the surety company that provided a bond on behalf of Plaintiff for, among other things, the benefit of those companies supplying labor and material to the Project. Should Plaintiff be found liable to Defendant on Defendant's counterclaims, Ohio Farmers would be required to release those sums to Defendant. Allowing Defendant to file a third-party complaint with claims for liability dependent on the outcome of the parties' main claims would conserve judicial resources by allowing a final determination of all of the parties' rights and liabilities in a single suit.

(*Id.* at 4). Plaintiff does not address Rule 14 in its Response, arguing only that the "third-party complaint would require it to expend additional resources to conduct discovery and prepare for trial. Further, the addition of Ohio Farmers Insurance Company as a party to this proceeding will delay the resolution of this matter and result in additional discovery." (Doc. 12 at 4).

Both parties miss the point of Rule 14. "A defendant attempting to transfer the liability asserted against him by the original plaintiff to the third-party defendant is . . . the essential criterion of a third-party claim." *Am. Zurich Ins.*, 512 F.3d at 805. Here, there is no basis for Defendant "to transfer the liability asserted against," *id.*, it by Plaintiff to Ohio Farmers. Any liability incurred by Defendant would be Defendant's alone because Ohio Farmers has a surety relationship with Plaintiff, not Defendant. Consequently, Rule 14 does not provide a basis for Defendant to bring a third-party complaint against Ohio Farmers, and Defendant's Motion is therefore **DENIED in part** to the extent it seeks to file a third-party complaint against Ohio Farmers. The Court **GRANTS** Defendant 14 days from the date of this Order to file any motion requesting joinder of Ohio Farmers under the appropriate rule.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED in part and DENIED in part**. The Court **GRANTS** Defendant 14 days from the date of this Order to file any motion requesting joinder of Ohio Farmers under the appropriate rule.

IT IS SO ORDERED.


Date:  April 30, 2019
/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE